United States District Court
District of South Carolina

| | | |
|---|---|---|
| Robert Howell,   #42969-080; | ) | C/A No. 4:06-1405-TLW-TER |
| | ) | |
| Petitioner; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| M. Pettiford, Warden, Bennettsville Federal Correctional Institution (FCI-Benettsville); | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The Petitioner, Robert Howell (hereafter, the "Petitioner"), a federal prisoner proceeding *pro se*, seeks *habeas corpus* relief pursuant to Title 28, United States Code, Section 2241. Under 28 U.S.C.§ 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at FCI-Bennettsville. He entered a guilty plea to a single count of bank robbery before the United States District Court for the Western District of Texas. On July 14, 2004, Petitioner was sentenced to 210 months imprisonment. See United States v. Howell, 5:02-cr-00397-OLG (D.W.D. Texas 2002). He has filed a § 2241 petition alleging deliberate indifference to seizures which he allegedly suffers due to a motorcycle accident. Petitioner indicates that he has commenced the FBOP grievance process and asks that this action be stayed while he exhausts administrative remedies.

1

**PRO SE PETITION**

Petitioner is a *pro se* petitioner and, therefore, his pleadings are accorded liberal construction. Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519; Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v.Rowe, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct Petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**RELIEF UNAVAILABLE UNDER 28 U.S.C. § 2241**

Petitioner has misapprehended the nature of relief under 28 U.S.C. § 2241. The constitutional violations of which he complains are appropriately challenged in a so-called Bivens action. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their

employment, was actually brought against a federal official. Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

Petitioner appears to be aware that a Bivens action requires exhaustion of administrative remedies. The BOP has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. See 28 C.F.R. §§ 542.10-542.19. After informal attempts to resolve the matter with staff have failed, the inmate must present his claims to the Warden of the FCI-Bennettsville. 28 C.F.R. § 542.13(b). Thereafter, a prisoner must appeal an adverse determination to the Regional Director of the Federal BOP, and to the Office of General Counsel. 28 C.F.R. § 542.15.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a) provides: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held this to be a mandatory provision which "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002).

## **RECOMMENDATION**

In light of the foregoing, it is recommended that the within Petition for relief under 28 U.S.C. § 2241 be dismissed without prejudice and without issuance and service of process. Petitioner's attention is directed to the important notice on the following page.

                                       Respectfully Submitted

                                       s/Thomas E. Rogers, III

                                       Thomas E. Rogers, III
                                       United States Magistrate Judge

June 12, 2006
Florence, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Petitioner's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**

**Post Box 2317**
**Florence, South Carolina 29503**